UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL LLOYD GREENE,

    Plaintiff,

v.                                      Case No. 3:13-cv-1021-J-32PDB

SAIA MOTOR FREIGHT LINE, LLC, a
Georgia for-profit corporation,

    Defendant.

## O R D E R

This case is before the Court on Defendant SAIA Motor Freight Line, LLC's Motion for Summary Judgment (Doc. 40). On February 9, 2016, the assigned United States Magistrate Judge issued a Report and Recommendation (Doc. 58) recommending that the Court grant SAIA's motion for summary judgment and direct the Clerk of Court to enter final judgment in favor of SAIA and against Plaintiff Michael Lloyd Greene and close the case. On February 23, 2016, Greene filed objections to the Report and Recommendation (Doc. 59), to which SAIA did not respond.

Upon de novo review, and for the reasons stated in the Report and Recommendation (Doc. 58), it is hereby

**ORDERED:**

1.    The Report and Recommendation of the Magistrate Judge (Doc. 58) is **ADOPTED** as the opinion of the Court.

  2. Defendant SAIA Motor Freight Line, LLC's Motion for Summary Judgment (Doc. 40) is **GRANTED**.[1]

  3. The Clerk shall enter final judgment in favor of Defendant SAIA Motor Freight Line, LLC and against Plaintiff Michael Lloyd Greene and close the case.

**DONE AND ORDERED** in Jacksonville, Florida the 10th day of March, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies to:

Honorable Patricia D. Barksdale
United States Magistrate Judge

Counsel of record

---

[1] On February 22, 2016, the Court of Appeals for the Eleventh Circuit issued an opinion in Quigg v. Thomas County School District, No. 7:12-cv-153-HL, 2016 WL 692177, at *12 (11th Cir. Feb. 22, 2016), which held that "the McDonnell Douglas framework is not applicable to mixed-motive discrimination claims based on circumstantial evidence; instead, the mixed-motive framework set forth in White [White v. Baxter Healthcare Corp., 533 F.3d 381 (6th Cir. 2008)] is the appropriate framework for examining these claims." "Under the framework set forth in White, to survive a defendant's motion for summary judgment, a . . . plaintiff asserting a mixed-motive claim need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) [a protected characteristic] was a motivating factor for the defendant's adverse employment action." Quigg, 2016 WL 692177, at *11 (emphasis in original) (citing White, 533 F.3d at 400).

  The Eleventh Circuit stated in footnote 7 that McDonnell Douglas still applies to single-motive cases. Id. at *5 n.7. Accordingly, because Greene did not plead a mixed-motive case, Quigg is inapplicable.

2